# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE WINFIELD COLLECTION, LTD, <br><br> Plaintiff, <br><br> vs. <br><br> NETFLIX, INC. and WARNER BROS. ENTERAINMENT, INC., jointly and/or severally <br><br> Defendants. | Case No. <br> Hon. |

JOHN T. HERMANN (P-52858)
Attorney for Plaintiff
2684 West Eleven Mile Road
Berkley, MI 48072
(248) 591-9291 tel/(248) 591-2304 fax
Hermannlawoffices@comcast.net

## PLAINTIFF'S COMPLAINT

Plaintiff, THE WINFIELD COLLECTION, LTD. a Michigan Corporation, by and through its counsel, John T. Hermann states the following as its complaint against Defendants NETFLIX, INC. and WARNER BROS. ENTERTAINEMENT, INC.:

1. This matter arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2

2. Plaintiff, The Winfield Collection, Ltd. ("Winfield") is a Michigan Corporation and is the registered owner of the copyrights set forth in Exhibit A[1] (the "Copyright-in-Suit.")

3. Defendant NETFLIX, INC. ("Netflix") is a Delaware corporation with its principal place of business located in Los Gatos, California, that is in the business of providing streaming entertainment content to a worldwide subscriber audience.

4. Defendant WARNER BROS. ENTERTAINEMENT, INC. ("Warner Bros.") is a Delaware corporation with its principal place of business located in Burbank, California, that is in the business of licensing, producing, selling, broadcasting and/or distributing feature length films that are available for viewing through a network of authorized internet streaming service providers. (i.e. Netflix, Amazon Prime, Hulu, Crackle, Apple TV, Xfinity, etc.)

5. In or around 2020, Warner Bros. entered into a license agreement with Netflix to distribute the film in question that includes Plaintiff's copyrighted works.

6. Through their mutual business efforts, Defendants have engaged in the unauthorized duplication, re-production and distribution of Plaintiff's copyrighted works and is therefore infringing upon Plaintiff's rights as the registered owner of the Copyright-in-Suit.

---

[1] VA-807-365 dated September 5, 1996.

7. As a result of its systematic business activities in licensing, selling, distributing and reproducing Plaintiff's copyrighted works, Defendant Netflix and Warner Bros. have infringed and continue to infringe upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit as the full length featured film in which Plaintiff's copyrighted intellectual property is featured (i.e. Dolly Parton's Christmas on the Square")[2] continues to be available for viewing and broadcast over a variety of streaming services licensed by Defendant Warner Bros and made available through Defendant Netflix world-wide audience of streaming content subscribers.

8. Defendant Netflix is in the business of acquiring licensed media content from other entertainment producers and/or distributors in including Warner Bros. that include Plaintiff's copyrighted works and is therefore infringing upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit.

9. Warner Bros. is in the business of licensing, selling, distributing, and reproducing full length featured films to other content platform providers such as Netflix that include Plaintiff's copyrighted works and is therefore infringing upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit.

---

[2] "Dolly Parton's Christmas on the Square" is a full-length musical film starring Christine Boranski and Dolly Parton that was released on November 22, 2020, produced by Warner Bros. Television – a division of Warner Bros Entertainment, Inc. who, in turn, licensed the film for distribution and viewing with Netflix. whose worldwide number of subscribers is in excess of 182 million.

10. As a result of its systematic business activities in licensing, selling distributing and reproducing Plaintiff's copyrighted works, Defendant Warner Bros has infringed upon Plaintiff's rights as the registered owner of the Copyrights-in-Suit.

## JURISDICTION

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question); and 28 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition).

12. Plaintiff's copyrighted works were featured (without its authorization) in the feature film "Dolly Parton's Christmas on the Square."

13. Defendant Warner Bros. produced the film who, in turn, licensed the film for distribution and viewing with Netflix. whose worldwide number of subscribers is in excess of 182 million

14. Defendants' mutual activities in licensing, selling, re-producing, and distributing the film "Dolly Parton's Christmas on the Block" (which included Plaintiff's copyrighted work) constitutes commercial activity that is directed towards individuals and/or business located in this state and District.

15. This Court has personal jurisdiction over the Defendant because (a) Defendants committed the tortious conduct alleged in this Complaint in this State, and (i) Defendants targeted business activities can be found in this State and/or (ii)

Defendants have engaged in substantial and not isolated business activity in this State.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) as well as 28 U.S.C. § 1391(b) because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District and, (ii) the Defendants general business activities can be found in this District.

## BACKGROUND

17. Winfield is in the business of selling design patterns and cut out displays that that possess unique artistic elements.

18. A substantial portion of Winfield's business involves development of images associated with the Christmas holiday theme which are almost exclusively their own original designs and registered with the Federal Copyright office.

19. The design images are used by Winfield's customers to create templates for holiday yard displays projects which they can create under a license agreement or for display cut-outs sold directly by Winfield.

20. Defendants featured one of Winfield's most popular copyrighted design images and/or silhouetted yard cut-outs in the feature film "Dolly Parton's Christmas on the Block" without its authorization or consent. The image continues to be re-produced and made available to a worldwide audience through a variety of licensed

internet streaming services including Netflix. The copyrighted work that is featured in the film include the following copyrighted design patterns shown below:



Winfield Nativity
#CYD72

21. The copyrighted image and/or silhouetted cutouts were featured in the film "Dolly Parton's Christmas on the Block" which continues to be disseminated and/or made available to a world-wide audience despite Defendants having actual knowledge that Winfield did not authorize or allow its copyrighted images to be included in the film or any subsequent rebroadcasts.

22. In particular, Winfield's design image and/or silhouetted cutouts (#CYD 72) was prominently featured in multiple scenes throughout the film including the opening montage featuring the films' opening sequence depicting the film's title and namesake along with the film's theatrical trailer.





23. Winfield's nativity image (#CYD 72) and silhouetted yard cut-out were an integral visual motif that was featured ubiquitously throughout the film and materially contributed to the film's thematic Christian message of Christ's birth.

24. For all relevant times, Winfield is the owner of all right, title and interest to the copyrights for the Silent Night Nativity (#CYD72); White Reindeer (#WC6); and White Moose (#WC35) design pattern images.

25. The "observability" of Winfield's copyrighted nativity image spanned a total of 109 seconds over the course of the total 98-minute running time in the following catalogued sequences:

| Time In Movie (Time Remaining 1:38:54 total movie run time) | Depiction of Yard Display Featuring Copyrighted Design | Depicted Copyrighted Image |
|---|---|---|
| 1:37:55 (10 seconds) | Painting depiction of Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:37:15 (3 seconds) | Painting depiction of Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:35:11 (3 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:35:04 (5 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:34:53 (3 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:25:56 (5 seconds) | Yard display featuring copyrighted design next to frond doors of town Church | Winfield Nativity #CYD72 |
| 1:24:55 (2 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:24:06 (1 second) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:03:56 (6 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church while theme song "Light your lamp" and spread the light is being sung by central character Dolly Parton | Winfield Nativity #CYD72 |
| 1:03:45 (5 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church while theme song "Light your lamp" and spread the light is being sung by central character Dolly Parton | Winfield Nativity #CYD72 |
| 20:32 (6 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 20:19 (2 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 20:13 (3 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 15:20 (7 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church as | Winfield Nativity #CYD72 |

| | | |
|---|---|---|
| | town people are entering the Church for a Christmas Eve Mass | |
| 3:50 (2 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 3:43: (3 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 3:36 (5 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 3:28 (2 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 3:22 (2 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 3:19 (2 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 2:36 (6 seconds) | Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD72 |
| 1:05 (26 seconds) | Painting depiction of Yard display featuring copyrighted design next to frond doors of the town Church | Winfield Nativity #CYD7226 |

## COUNT I - DIRECT COPYRIGHT INFRINGMENT

26. Winfield's Silent Night Nativity (#CYD72) image represent works of artistic expression that contains original material which is copyrightable under the laws of the United States.

27. Defendants reproduced, distributed, promoted, licensed and/or duplicated sold and/or streamed a full-length feature film that depicted Winfield copyrighted images and silhouetted yard cut out thereby infringing upon Winfield's copyrights in and relating to the subject works.

28. Plaintiff did not authorize permit, or consent to the duplication and/or distribution of its copyrighted images or cut outs in the manner, form, and/or scope perpetuated by Defendants.

29. As a result of the foregoing, Defendants violated Plaintiff's exclusive right to:

   (A) Reproduce the Works in copies, in violation of 17 U.S.C. §§ 106(1) and 501;

   (B) Prepare derivative works in violation of 17 U.S.C. §§ 106(2) and 501;

   (C) Redistribute copies of the Works to the public by sale or other transfer of ownership, or by rental, lease in violation of 17 U.S.C. §§ 106(3) and 501;

   (D) Reproduce and/or display copies of pictorial or other graphic works in violation of 17 U.S.C. §§ 106(5) and 501.

30. Each of the Defendants' acts of infringement was committed "willfully" within the meaning of 17 U.S.C. § 504 as both Defendants had been advised were made aware prior to the release of the film, that Winfield maintained a valid copyright in its #CYD 72 Nativity image and, nonetheless, proceed to incorporate the same into the film "Christmas on the Square" without Winfield's authorization or consent in willful disregard to its intellectual property rights.

31.     Plaintiff has suffered actual damages that were proximately caused by Defendants' including lost sales, price erosion and a diminution of the value of its copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A)     Permanently enjoin Defendants and all other persons who are in active participation with Defendants from continuing to infringe upon Plaintiff's copyrighted works.

(B)     Order that the Defendants delete and remove from its website streaming service or any third-party website any depiction of Plaintiff's copyrighted works along with the destruction of any infringing materials under 17 U.S.C. § 503

(C)     Award Plaintiff the greater of: (i) statutory damages of $150,000.00 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c); or (ii) Plaintiff's actual damages and any additional profits of the Defendants pursuant to 17 U.S.C. § 504-(a) and (b);

(D)     Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## **COUNT II - CONTRIBUTORY COPYRIGHT INFRINGMENT**

32. The allegations contained in paragraphs 1-31 are hereby re-alleged as if fully set forth herein.

33. Winfield's Silent Night Nativity (#CYD72) image represent works of artistic expression that contains original material which is copyrightable under the laws of the United States.

34. By encouraging and/or allowing others to engage in the unlawful duplication and/or distribution of Plaintiff's copyrighted work Defendants induced, caused, and/or materially contributed to the infringing conduct of other individuals and/or organizations in violation of Plaintiff's exclusive rights.

35. Plaintiff did not authorize, permit or consent to Defendants' inducing, causing or materially contributing to the infringing conduct of other individuals and/or organizations.

36. Defendants knew or should have known that by encouraging and/or allowing other individuals and/or business to feature Plaintiff's design image through the licensing of the featured film "Dolly Parton's Christmas on the Block" that other individuals and/or business would engage in the unauthorized reproduction and/or depiction of Plaintiff's copyrighted works.

37. Indeed, Defendants directly participated in, and therefore materially contributed, to the infringing conduct of other individuals and/or organizations.

38. The Defendants contributory infringement was committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2) as both Defendants had been advised were made aware prior to the release of the film, that Winfield maintained a valid copyright in its #CYD 72 Nativity image and, nonetheless, proceed to incorporate the same into the film "Christmas on the Square" without Winfield's authorization or consent in willful disregard to its intellectual property rights.

39. Plaintiff has suffered actual damages that were proximately caused by the Defendants including lost sales, price erosion and a diminution of the value of its copyrights.

WHEREFORE, Plaintiff respectfully requests that the Court:

(A) Permanently enjoin the Defendants and all other persons who are in active participation with Defendants to distribute and/or stream the film in question which features Plaintiff's copyrighted works and to enjoin all others from their participation in the distribution any infringing materials under 17 U.S.C. § 503.

(C) Award Plaintiff the greater of: (i) statutory damages of $150,000.00 per infringed Work pursuant to 17 U.S.C. § 504-(a) and (c); or (ii) Plaintiff's actual damages and any additional profits of the Defendants pursuant to 17 U.S.C. § 504-(a) and (b);

(D) Award Plaintiff its reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

(F)     Grant Plaintiff any other and further relief this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demands a trial by jury in connection with its claims in the above captioned case all issues so triable

Dated:  September 16, 2021              /s/ John T. Hermann
                                        JOHN T. HERMANN (P-52858)
                                        Attorney for Plaintiff
                                        2684 West Eleven Mile Road
                                        Berkley, MI 48072
                                        (248) 591-9291 tel/(248) 591-2304 fax
                                        Hermannlawoffices@comcast.net

## CERTIFICATE OF COMPLIANCE

Pursuant to E.D. Mich. LR 5.1(a) I hereby certify that the foregoing has been prepared using one of the font and point selections approved by the Court in E.D. Mich. LR 5.1(a)(3). This document was prepared using Times New Roman (14 pt.).

Dated: September 16, 2021               /s/ John T. Hermann
                                        JOHN T. HERMANN (P-52858)
                                        Attorney for Plaintiff
                                        2684 West Eleven Mile Road
                                        Berkley, MI 48072
                                        (248) 591-9291 tel/(248) 591-2304 fax
                                        Hermannlawoffices@comcast.net